Robert J. Pfister
Whitman L. Holt (admitted *pro hac vice*)
Julian I. Gurule (admitted *pro hac vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090

*Counsel to the Petitioning Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TABERNA PREFERRED FUNDING IV, LTD., | Case No. 17-11628 (MKV) |
| Alleged Debtor. | |

**EX PARTE MOTION TO FILE UNDER SEAL EXHIBIT C TO THE PETITIONING CREDITORS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Bankruptcy Code section 107, Bankruptcy Rule 9018, Local Bankruptcy Rule 9018-1, and this Court's individual rules of practice, Opportunities II Ltd., HH HoldCo Co-Investment Fund, L.P., and Real Estate Opps Ltd. (collectively, the "Petitioning Creditors") hereby move (this "Motion") *ex parte* for an order granting permission to file under seal Exhibit C (the "Sealed Exhibit") to the *Petitioning Creditors' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment* [ECF No. 52] (the "Statement of Facts")[1] and further state as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Statement of Facts or in the related motion for partial summary judgment [ECF No. 51] (the "Summary Judgment Motion").

1

## BACKGROUND

1. Concurrently with the filing of this Motion, the Petitioning Creditors filed the Statement of Facts, which includes the Sealed Exhibit. The Sealed Exhibit contains a monthly indenture trustee report, dated as of May 31, 2017, in respect of the Notes issued under the Indenture by Taberna Preferred Funding IV, Ltd. (the "Debtor").

2. The Sealed Exhibit is a nonpublic document that is accessible by all holders of the Notes, but only on a confidential, password-protected website maintained by the indenture trustee. If the Sealed Exhibit were made part of the public record, such disclosure could reveal confidential and commercially sensitive information and might disrupt the parties' expectations as to the confidentiality of the material contained therein. Indeed, counsel for the indenture trustee requested that the Petitioning Creditors seek to file the Sealed Exhibit under seal.

3. Accordingly, the Petitioning Creditors request that they be permitted to submit the Sealed Exhibit under seal so that the contents thereof are not available on the public docket.

## ARGUMENT

4. Bankruptcy Code section 107(b) provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 provides, in relevant part, that "the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. This Court's individual rules of practice further provide that "[r]equests for filing and maintaining information under seal may be submitted *ex parte* and must indicate the grounds for sealing."

5. Once the Court determines that an interested party is seeking protection of information that falls within one of the categories enumerated in Bankruptcy Code section

107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also, e.g.*, *In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

6. The Second Circuit Court of Appeals has explained that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." *In re Orion Pictures Corp.*, 21 F.3d at 28. Rather, a party seeking to seal information is required to show only that the information is confidential and commercial. *Id.* For purposes of section 107(b), commercial information includes "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id.* (citing *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). Although showing of "good cause" is not a necessary prerequisite for obtaining permission to seal such confidential commercial information, *In re Orion Pictures Corp.*, 21 F.3d at 28, the Petitioning Creditors have nevertheless demonstrated that good cause to seal the Sealed Exhibit does exist here.

7. The Petitioning Creditors seek to limit public access to potentially confidential and commercially sensitive information contained in the Sealed Exhibit. The Sealed Exhibit falls within the scope of "commercial information" subject to protection in accordance with Bankruptcy Code section 107(b) because it contains summary and detailed information about the Notes and the Collateral. Aspects of the Sealed Exhibit are also confidential because it is a

3

nonpublic document that is accessible only on a password-protected website maintained by the indenture trustee. Public disclosure of the Sealed Exhibit could therefore reveal confidential and sensitive commercial information or otherwise might disrupt the parties' expectations as to the confidentiality of such information.

8. Filing the Sealed Exhibit under seal will protect these interests yet provide the Court with information necessary to rule on the Summary Judgment Motion. The Petitioning Creditors will provide copies of the Sealed Exhibit to the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), counsel to the indenture trustee, and counsel to those other parties in interest who have executed the *So Ordered Stipulation* concerning briefing of the Summary Judgment Motion [ECF No. 48]. The Petitioning Creditors will retrieve the copies of the Sealed Exhibit provided to the Court and other parties in interest at the conclusion of this case.

**NO PREVIOUS REQUEST**

9. No prior motion for the relief requested herein has been made by the Petitioning Creditor to this Court or any other court.

**NOTICE**

10. The Petitioning Creditors will provide notice of this Motion to the U.S. Trustee, counsel to the indenture trustee, and counsel to those other parties in interest who have executed the *So Ordered Stipulation* concerning briefing of the Summary Judgment Motion [ECF No. 48]. The Petitioning Creditors respectfully submit that no other or further notice need be given under the circumstances.

**CONCLUSION**

For the foregoing reasons, the Petitioning Creditors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the

relief requested herein and such other and further relief as may be just and proper under the circumstances.

| | |
|---|---|
| DATED: August 14, 2017<br>New York, New York | */s/ Whitman L. Holt*<br>Robert J. Pfister<br>Whitman L. Holt (admitted *pro hac vice*)<br>Julian I. Gurule (admitted *pro hac vice*)<br>KLEE, TUCHIN, BOGDANOFF & STERN LLP<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA 90067<br>Telephone:   (310) 407-4000<br>Facsimile:   (310) 407-9090<br><br>*Counsel to the Petitioning Creditors* |

5